UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Petitioner,<br><br>vs.<br><br>Z FOODS, INC. dba ZORIA FARMS, and RUSTIC CANYON FONTIS PARTNERS and FRANCISCO GUERRA,<br><br>    Respondents. | 1:09-cv-02127-OWW-SMS<br><br>**ORDER RE: MOTION FOR RECONSIDERATION** (Docs. 20 and 22), **AMENDING COURT'S ORDER OF FEBRUARY 25, 2010** (Doc. 21) |

    Petitioner U.S. Equal Employment Opportunity Commission ("EEOC") filed an application for order to show cause why subpoena should not be enforced on December 7, 2009, which is the first item docketed in this matter (Doc. 1).  Filed with the petition and docketed seriatim Nos. 2-6 were the civil cover sheet, a memorandum of points and authorities in support of the application for subpoena enforcement, two declarations and a proposed order.  It should be noted the Clerk's Office erroneously issued a standard order setting an initial scheduling conference for a matter that is not ripe for scheduling (Doc. 7). This case is a miscellaneous matter dealing specifically and initially with enforcement of a subpoena in an administrative matter.  There was no, and still is no, complaint filed.

1

1  Upon receipt of courtesy copies pursuant to Local Rule
2 133(f) from Respondent Rustic Canyon Fontis Partners of their
3 answer to application for order to show cause (Doc. 12),
4 memorandum of points and authorities in opposition to application
5 for OSC (Doc. 13), request for judicial notice (Doc. 14),
6 appendix of authorities in support of opposition (Doc. 15), and a
7 declaration (Doc. 16), and thereafter a courtesy copy provided
8 directly to chambers of Petitioner's reply (Doc. 19), the Court
9 deemed the matter appropriate for decision without oral argument
10 pursuant to Local Rule 230(g) (Doc. 20).  The Court ruled on
11 February 25, 2010 (Doc. 21).

12  Courtroom Deputy Harriet Herman received a telephone call of
13 dismay from counsel for Respondent Z Foods, Inc., dba Zoria Farms
14 ("Zoria") Attorney Howard Sagaser, on February 25, 2010, taking
15 exception with the Court's noting in her order of 2/25/10 that
16 "[n]o answer/response/opposition was filed by Respondents, Z
17 Foods, Inc., dba Zoria Farms."  Referring to the court docket,
18 Ms. Herman pointed out that Mr. Sagaser's law firm, who did their
19 own filing and docketing on February 2, 2010, as an answer to
20 complaint, thereafter describing attachments as points and
21 authorities, affidavit objections, evidentiary objections, and
22 declarations, should have separated the filings such that an
23 answer to a complaint would be a distinct event from a response
24 to a motion.  Too, there being no complaint filed in this matter,
25 court staff would/could, and in this instance did, gloss over the
26 filing upon review of daily filings, not deeming it an operative
27 filing for any immediate purpose, such as a response to the
28 application for an OSC.  Ms. Herman advised the objections as

2

1 captioned by Mr. Sagaser's firm did not tell the court what was
2 being objected to; yet, had it been a separate filing event, the
3 Court's staff may have gleaned the applicability upon review of
4 the court docket.  More to the point, however, the Court would
5 much more likely have deemed Doc. 11 to be operative had a
6 courtesy copy, properly tabbed, fastened, and clearly identified,
7 been provided directly to chambers pursuant to Local Rule 133(f).
8     While the Court will bear a portion of the responsibility
9 for not reviewing what was described to be an answer to a
10 complaint, just to make sure that it was what it professed to be,
11 nonetheless, the Respondent will be handed its share of the blame
12 as well for unclear docketing and failure to deliver courtesy
13 copies.
14     Regardless, the Court ultimately received courtesy copies
15 after said telephone call, and has now had the opportunity to get
16 back to this matter after several months, to read Mr. Sagaser's
17 answer/objections, compare and contrast them anew with
18 Respondent's moving and responsive pleadings, and finds that:
19     A.   The Court disagrees with the points and argument made
20 by Petitioner in its opposition to Zoria's motion for
21 reconsideration, filed on March 4, 2010 (Doc. 31).  For the
22 reasons stated above, the court docket did *not* unequivocally
23 demonstrate that Zoria filed over 100 pages of opposition to the
24 subpoena enforcement action.  Thus, the Court did *not* consider
25 the lengthy opposition of Zoria, and at no time did the Court
26 intend to state that, rather, no opposition was filed by
27 Respondent Francisco Guerra.
28 //

1    B.   To clarify, and focusing on the letter exchanges between Attorney Sagaser and EEOC Director Melissa Barrios (Exhibits I, J, K, L and various email copies attached to Zoria's motion for reconsideration), the only matter at issue regarding the petition filed with this court on 12/07/09 was to compel testimony of Zoria employee Francisco Guerra relevant to EEOC's ongoing investigation of allegations of Guerra's pattern and practice of sexual harassment.  See Exhibit I, letter of September 9, 2009 from Director Barrios to Attorney Sagaser.

     C.   The Court views the bulk of Zoria's objections to the application to the OSC to be argument on the merits should a complaint against the named respondents be filed.  This matter is administratively and statutorily at the investigation stage.  To that end, the parties had proceeded cooperatively to and through two (2) interview sessions with Mr. Guerra.  Where an impasse ensued apparently had to do with the direction the questioning of Mr. Guerra by EEOC was taking.  EEOC is correct with its argument that the agency has wide latitude.

     D.   Critical to the Court's reconsideration is the sentence contained in Attorney Sagaser's email of January 4, 2010 to Elizabeth Esparza-Cervantes (Exhibit H to objections, Doc. 11): "I only represent Francisco Guerra to the extent he is a supervisor of Z Foods.  I do not represent him as an individual and have not been retained by him with respect to the subpoena enforcement action initiated by the EEOC."  While Mr. Sagaser seemingly was in a position to advise Mr. Guerra about his/Sagaser's concerns with the questions posed, without more information it appears to this Court that Mr. Sagaser might well have placed himself in a position of conflict.

4

THEREFORE, GOOD CAUSE APPEARING, it is hereby ORDERED, as amended, as follows:

1. Respondent, Z Foods, Inc., dba Zoria Farms, and its counsel's conduct has impeded the EEOC's investigation by having a chilling effect on witness Guerra and thereby perhaps dissuading other potential witnesses from testifying regarding charges of discrimination;

2. Zoria and its counsel are ORDERED not to interfere with EEOC's investigation of the charges underlying the present action(s) and any claims related to the charges;

3. Any members, employees and/or its legal counsel of Zoria are not to be present at any further interviews of Guerra;

4. Respondent Guerra is ORDERED to appear in the EEOC's Fresno office, cooperate with EEOC, and complete his subpoenaed testimony.  Note: Respondent Guerra shall answer any and all inquiries regarding alleged sexual encounters with and/or harassment of any present or former employees of Zoria regardless of whether said encounters took place on Zoria's property or not;

5. EEOC's request for an award of costs for the necessity of bringing this motion is DENIED;

6. No relief is granted to EEOC as a result of the application for OSC with regard to Respondents Rustic Canyon Fontis Partners, L.P.

IT IS SO ORDERED.

**Dated:   October 27, 2010**             /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE

5