ANNA Y. PARK, SBN 164242
MICHAEL FARRELL, SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1068
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Petitioner

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>Z FOODS, INC. dba ZORIA FARMS,  and RUSTIC CANYON FONTIS PARTNERS and FRANCISCO GUERRA,<br><br>Respondents. | Case No.: 1:09 –CV-02127 OWW-SMS<br><br>**REQUEST FOR DISMISSAL; RESPONSE TO ORDER TO SHOW CAUSE [Doc. 51]** |

   Petitioner United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed the present pre-litigation subpoena enforcement action to seek enforcement of a testimony subpoena for Francisco Guerra.  At the time the EEOC attempted to subpoena his testimony, Francisco Guerra was employed as a manager with Z Foods d/b/a Zoria Farms ("Respondent").  The EEOC issued the subpoena as part of its administrative investigation into numerous charges of employment discrimination against Respondent.  Those charges contained allegations of egregious sexual misconduct by Francisco Guerra, including sexual assault and

rape, as well as allegations that Respondent retaliated against employees for engaging in protected activity.

On December 7, 2009, the Commission sought enforcement of its testimony subpoena in the District Court. On February 25, 2010, the Magistrate Judge found that Respondent and counsel had impeded the EEOC's investigation into the sexual harassment allegations and ordered Francisco Guerra to complete his subpoenaed testimony at the EEOC's offices in Fresno.

Respondent filed several motions for reconsideration of the Magistrate Judge's order, resulting in this Court's February 22, 2011 order. In the February 22, 2011 order, the Court ordered Respondent's counsel to provide a clear statement of the scope of counsel's representation in this matter by March 15, 2011. The Court further ordered that the EEOC provide a status update on the service of an administrative subpoena on Francisco Guerra. Lastly, the Court provided for the use of a special master at any future interview of Mr. Guerra.

On June 16, 2011, the Court ordered the EEOC to show cause why this case should not be dismissed as no activity had occurred since the Court's February 22, 2011 order. The EEOC requests that the Court dismiss this instant action for the following reasons.

Subsequent to this Court's Order of February 22, 2011, EEOC engaged in diligent efforts to serve Francisco Guerra with a new subpoena for his testimony. EEOC made such attempts with respect to at least two addresses. Those addresses had been identified by Mr. Guerra as his place of residence during his prior interviews with the EEOC. EEOC's attempts to re-serve Mr. Guerra and conduct the interview provided for by this Court were unsuccessful as the individuals residing at those addresses had no knowledge of Mr. Guerra. The EEOC further received information that Mr. Guerra is currently residing in a foreign country with no apparent intention of returning to the United States. Notwithstanding Mr. Guerra's absence from the country, the EEOC has otherwise diligently pursued its administrative investigation in this case and has obtained, or will readily be able to obtain, sufficient information to meet its statutory obligation to conduct and conclude its investigation into this matter. Moreover, counsel for Defendant has also complied with his obligation under this Court's Order by clarifying to EEOC the scope of his representation.

It is EEOC's position that this action is now appropriate for dismissal. EEOC complied with the mandate of this Court to make diligent efforts to secure the testimony at issue here. However, EEOC is currently unable to secure the testimony of Mr. Guerra without engaging in a protracted and likely unsuccessful, process of locating and serving him in a foreign country. In the interim, EEOC has diligently pursued its administrative investigation of this matter and has obtained, or will obtain, the information necessary to meet its investigative obligations. Moreover, counsel for Defendant has also complied with this Court's Order as it pertains to him. Finally there is no need for the appointment of a special master as provided in this Court's Order as EEOC will not be able to secure the testimony at issue. Given these facts, EEOC respectfully represents to the Court that all parties have complied with this Court's Order to the fullest extent possible and, as such, EEOC now requests the dismissal of this action.

July 13, 2011                                        Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
By:      /s/ *Michael Farrell*_____
MICHAEL FARRELL
Attorneys for Petitioner

**ORDER**

For good cause shown, IT IS ORDERED that the above entitled subpoena enforcement action is dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **July 14, 2011**              **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE